UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR LOVI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-cv-788 |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| VILLAGE OF ARLINGTON HEIGHTS, | ) | |
| Arlington Heights Police Officers | ) | |
| DAVID LAVIN JR, | ) | Jury Demand |
| CHARLES BUCZYNSKI, | ) | |
| OFFICER McGUIRE, | ) | |
| OFFICER RUGE, and | ) | |
| Unknown Arlington Heights Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Arlington Heights, Illinois.

5. Defendant-Officers are duly appointed and sworn Arlington Heights police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant VILLAGE OF ARLINGTON HEIGHTS is a municipal corporation,

duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On August 30, 2012, Plaintiff had a therapy session with a psychologist. This was the first in-depth session with this new therapist. During the session, Plaintiff spoke about his wife that passed away nine years ago. Plaintiff told his therapist that the doctor treating his wife did not provide proper medical care. Plaintiff told his therapist that if he saw the doctor, he would beat him up, but that he would not seek the doctor out and cause him any harm. Plaintiff never threatened to kill the doctor. Plaintiff was simply expressing his anger at the doctor for not providing proper care for his wife.

9. Plaintiff's therapist told Plaintiff that she needed to report to the doctor and the police what Plaintiff had said. Plaintiff's therapist, however, did not feel that Plaintiff was currently a threat to himself or to others.

10. After the session was completed, Plaintiff's therapist notified the doctor and the Arlington Heights police department regarding Plaintiff's statements.

11. Defendant LAVIN, from the Arlington Heights Police Department, spoke with Plaintiff's therapist regarding Plaintiff's statements. Plaintiff's therapist told Defendant LAVIN what Plaintiff had said. Additionally, Plaintiff's therapist told Defendant LAVIN that she did not believe that Plaintiff was a threat to himself or others and that an immediate medical evaluation was not necessary.

12. The doctor that treated Plaintiff's wife was contacted by the Arlington Heights Police Department. The doctor informed the Arlington Heights Police Department that he did not feel his safety was in jeopardy.

13. After receiving this information from Plaintiff's therapist, Defendant LAVIN called Plaintiff at his home and asked him about the conversation he had with his therapist.

14. Plaintiff told Defendant LAVIN that he did tell his therapist that he would punch the doctor if he saw him, but that he would never hurt the doctor and was just expressing his feelings to his therapist.

15. Defendant LAVIN asked Plaintiff if he had any weapons at his home. Plaintiff told Defendant LAVIN that he had some antique firearms and also a valid FOID card.

16. At approximately 11:00 p.m., on August 30, 2012, Defendants LAVIN, BUCZYNSKI, McGUIRE and RUGE went to Plaintiff's home in Arlington Heights, Illinois.

17. The Defendant-Officers asked Plaintiff where his firearms were. Plaintiff told them they were in his den.

18. The Defendant-Officers walked into Plaintiff's home. Plaintiff did not give the Defendant-Officers consent to come into his home.

19. Plaintiff asked the Defendant-Officers if they had a warrant.

20. The Defendant-Officers told Plaintiff that they could go get a warrant, and that if he insisted they do that, they would come back and "tear the shit out of [Plaintiff's] house."

21. The Defendant-Officer seized Plaintiff's antique firearms and his FOID card. There was no ammunition for any of the firearms.

22. The Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to seize Plaintiff's antique firearms and FOID card.

23. After the illegal search and seizure at Plaintiff's home, Plaintiff went to the Arlington Heights Police Department and received a receipt for his firearms and FOID card.

24. On September 1, 2012, Plaintiff called the Arlington Heights Police Department and asked for his firearms back.

25. Shortly after the phone call, an officer that had worked with Plaintiff's late wife at Forest View High School, along with two other officers, arrived at Plaintiff's home.

26. The officers asked Plaintiff questions about his wife. Plaintiff became upset and told them that he did not want to talk about his wife.

27. Upon information and belief, the officers radioed for an ambulance to the scene.

28. The officers told Plaintiff that he needed to get in the ambulance and go to the hospital.

29. Plaintiff told the officers that he did not want to go to the hospital.

30. The officers told Plaintiff that if he did not go into the ambulance willingly, they would handcuff him and physically put him in the ambulance.

31. Upon information and belief, the Arlington Heights Police Department was trying to get Plaintiff's FOID card revoked and were informed that if Plaintiff was committed to a hospital for a psychological evaluation, his FOID card could be revoked.

32. Plaintiff had a valid FOID card and a constitutional right to possession firearms.

33. Plaintiff was transported to Northwest Community Hospital.

34. Plaintiff was evaluated and it was determined that he did not need to be committed as there were no signs that he would be a harm to himself or others. Plaintiff was released from the hospital the same day.

35. For the next two months, Plaintiff repeatedly tried to get his firearms and FOID card back from the Arlington Heights Police Department with no success.

36. Finally, in late October 2012, Plaintiff hired an attorney to assist him in securing the return of his property.

37. When Plaintiff finally received his property back, one of the firearms, which is a collector's item, was damaged. This collectable firearm was not damaged at the time it was unjustly confiscated by Defendants. Plaintiff had to take it to a gun shop to get it repaired.

38. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

39. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of property and pecuniary damages including medical expenses, attorneys' fees, and property damage.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure of Property)

40. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

41. Defendant-Officers seized Plaintiff's firearms and FOID card.

42. Defendant-Officers did not have probable cause, reasonable suspicion, or any other legal justification to seize Plaintiff's property.

43. The seizure of Plaintiff's property without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment,

to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

44. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

45. While Plaintiff was subjected to unreasonable seizure of his property as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

46. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from unreasonable seizures of property.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT III
### (42 U.S.C. § 1983 – Unreasonable Search of Home)

47. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

48. Defendant-Officers searched Plaintiff's home.

49. Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

50. Searching Plaintiff's home without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable

searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Intentional Infliction of Emotional Distress)

51. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

52. Defendant-Officers' conduct in attempting to get Plaintiff's FOID card revoked was extreme and outrageous.

53. Defendant-Officers intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that their conduct would cause Plaintiff severe emotional distress.

54. Defendant-Officers' conduct caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

55. The acts of the Defendant-Officers described in the above state-law claim for intentional infliction of emotional distress were willful and wanton, and committed in the scope of employment.

56. Pursuant to *respondeat superior*, Defendant VILLAGE OF ARLINGTON HEIGHTS is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant VILLAGE OF ARLINGTON HEIGHTS, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

57. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

58. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant VILLAGE OF ARLINGTON HEIGHTS is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant VILLAGE OF ARLINGTON HEIGHTS to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

                                    Respectfully submitted,

                                    /s/ Louis J. Meyer
                                    *Counsel for the Plaintiff*

Louis J. Meyer
Meyer & Kiss, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 60604
p. 312.765.0100
f. 312.765.0104
e. louismeyer@meyerkiss.com