```
 1                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   ARTHUR LOVI,                    )
                                     )
 4              Plaintiff,           )
                                     )
 5      vs.                          )  No. 13 C 788
                                     )
 6   VILLAGE OF ARLINGTON HEIGHTS POLICE)
     OFFICERS DAVID LAVIN,           )
 7   CHARLES BUCZYNSKI, BRIAN McGUIRE,)
     MARK RUGE, and RICHARD GAUSSELIN,)  Chicago, Illinois
 8                                   )  April 29, 2015
               Defendants.           )  9:30 o'clock a.m.
 9

10                     TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE MANISH S. SHAH
11

12   APPEARANCES:

13   For the Plaintiff:      MEYER & KISS, L.L.C.
                             BY:  MR. DANIEL P. KISS
14                           53 West Jackson Boulevard, Suite 856
                             Chicago, Illinois  60604
15                           (312) 765-0100

16   For the Defendants:     HOLLAND & KNIGHT, L.L.P.
                             BY:  MR. MARK A. FLESSNER
17                                MS. CHELSEA A. McCARTHY
                             131 South Dearborn Street, 30th Floor
18                           Chicago, Illinois  60603
                             (312) 263-3600
19

20

21

22
                     COLLEEN M. CONWAY, CSR, RMR, CRR
23                        Official Court Reporter
                   219 South Dearborn Street, Room 1714
24                       Chicago, Illinois  60604
                              (312) 435-5594
25                   colleen_conway@ilnd.uscourts.gov
```

1     (Proceedings heard in open court:)
2         THE CLERK:  13 C 788, Lovi versus Village of
3  Arlington Heights.
4         MS. McCARTHY:  Good morning, Your Honor.
5         Chelsea McCarthy for the defendants.
6         MR. FLESSNER:  Good morning, Your Honor.
7         Mark Flessner for the defendants.
8         MR. KISS:  Good morning, Your Honor.
9         Daniel Kiss for the plaintiff.
10        THE COURT:  Okay.  Good morning.
11        On the motion to seal, I am not so sure that the
12 information in the affidavits is all that confidential such
13 that it can't be a matter of public record, particularly if it
14 is important to my decision-making, and I think the public has
15 a right to know what I am relying on in making decisions, and
16 the information in the affidavits isn't -- it certainly, I
17 think, might even be less detailed than what would have been in
18 part of the public record if an inability to pay issue was put
19 before the jury during trial.
20        So with those initial observations, my inclination is
21 to grant the motion to file the declarations under seal but
22 only temporarily; and that once I know and we can look back in
23 hindsight and decide whether those assertions in the
24 declarations were, in fact, something that I considered and
25 relied upon and it was consequential to some decision, then we

1 can unseal them. But I wanted to at least let the defendants
2 know that I don't really see a way to keep those declarations
3 sealed in perpetuity.
4 And on the sealing issue, does the plaintiff have a
5 position?
6 MR. KISS: Judge, we don't think that that material
7 should be confidential or is confidential, but obviously we'll,
8 of course, understand and follow along with whatever the
9 dictate is.
10 My question would be, since we're going to ask for
11 time to respond, should we file our response under seal as well
12 so that we can discuss what's in that material?
13 THE COURT: Well, let me turn back to the defendants.
14 In light of what I have just said, do you want to keep these
15 sealed temporarily or should we just go ahead and proceed?
16 There's really not a lot in there that I think is --
17 at least a showing has not really been made that there's some
18 detriment to the individual officers to that information being
19 on the public docket, but --
20 MR. FLESSNER: Well, I mean, no law enforcement
21 officer wants people to know where they live, and I think
22 that's really as much the issue as the financial --
23 THE COURT: Though I don't recall the precise
24 addresses being in the --
25 MS. McCARTHY: No, it's not.

1 THE COURT: -- declarations.
2 MR. FLESSNER: The towns are and not the address.
3 But, I mean, you know, that's -- I don't want people to know
4 where I live and, you know, I mean, I think there are a lot of
5 crazy people out there, so -- I mean, maybe we could just
6 redact the town and --
7 THE COURT: Well -- okay. Well, why don't I -- I
8 will grant the motion to seal subject to redacted declarations
9 being put on the public docket. And what should not be
10 redacted, in my view, is the fact of the liability amount that
11 the defendants have. I think the income is in the
12 declarations.
13 MR. FLESSNER: Yeah, but that's --
14 THE COURT: I suspect that that's a matter of --
15 MR. FLESSNER: That's public.
16 THE COURT: -- public record.
17 MS. McCARTHY: Public, yeah.
18 MR. FLESSNER: Yeah.
19 THE COURT: And I guess I'll let the defendants take
20 the first crack at the redactions knowing that -- if the issue
21 is personal security in terms of where they physically reside,
22 I can understand that, and that's not a particularly relevant
23 fact --
24 MR. FLESSNER: Right.
25 THE COURT: -- so it need not be put on the docket,

1  and I won't even consider it as a factor in anything, and then
2  nobody will have an issue with the fact that there's a redacted
3  filing on the docket.
4        Okay.  So with respect to the motion to stay, as I --
5  plaintiff just alluded to the desire to have a response.
6        MR. KISS:  That's correct, Judge.
7        THE COURT:  Okay.  Well, how much time do you need to
8  respond?  Because the time on the stay, unless I issue one, is
9  ticking, because it's 14 --
10        MS. McCARTHY:  On Monday.
11        MR. FLESSNER:  Monday.
12        MS. McCARTHY:  Yeah.
13        MS. FLESSNER:  Yeah.
14        MR. KISS:  Well, then --
15        THE COURT:  Do you have any objection to imposing a
16  stay while we brief the issue of what the adequate security
17  would be?
18        MR. KISS:  No.
19        THE COURT:  Okay.  So the motion to stay execution of
20  judgment and waive bond is granted in part in that I am staying
21  execution of the judgment while we brief the issue of what
22  appropriate security should be posted, if any.
23        How much time would you like to file something for
24  the plaintiff?
25        MR. KISS:  Seven days.

THE COURT: Okay. So that is May 6th.

Would you like a reply?

MS. McCARTHY: Yes, Your Honor. If we could just have -- May 6th, what day of the week is that?

THE COURT: That's a Wednesday.

MS. McCARTHY: If we could just have two days to reply?

THE COURT: Okay. So Friday, May 8th for the reply. I will issue something in writing via CM/ECF.

The other thing I'll note about the declarations is that while they say that the officers have retirement accounts, they don't say how much is in the retirement accounts.

MS. McCARTHY: Okay.

THE COURT: And they don't say whether there is a way to have access to those funds in some way to produce security.

The position of the defendants was that they would have to sell their homes in order to meet a potential bond. When I looked at the declarations, I was curious whether that really is the only source of an asset since they do say they have these retirement accounts. I --

MS. McCARTHY: My understanding, Your Honor --

THE COURT: I am just pointing out that that's a potential question I would have.

MS. McCARTHY: My understanding, Your Honor, on the deferred compensation plans, based on just a little bit of

research that I've done, is that they're not accessible, and I don't believe their pensions are either, but we can look into that and provide that information via supplemental declaration, if necessary.

MR. FLESSNER: I don't think they're even accessible for -- to enforce a judgment because they're retirement accounts. So I --

THE COURT: Right. Well, but the issue would be, are they accessible to post security? So is there some way, for example, to get a loan against the fact that you've got assets in a pension fund so that you could have access to funds immediately because you might need them?

I don't know the answers to those questions, and I don't think I need a supplemental declaration. I think you can just tell me what the state of the law or the facts are on those kinds of things.

MS. McCARTHY: Okay.

THE COURT: And then the other thing I think I would be interested in from the plaintiff would be some consideration of what practically you want to see happen here at this point.

I'll just say, I don't know how much Mr. Lovi wants to enforce the amount of the judgment that he has and whether there ought not to be some communication amongst the parties about some alternatives at this stage in the litigation that might obviate the need to put the individual officers through a

1  process of posting security if I end up deciding that some
2  security is appropriate.
3      I think there are some other ways to look at this
4  pending issue that maybe at this point the parties are probably
5  in a better position to talk amongst themselves about than I
6  can give you all.  But, you know, I guess I'll just say there
7  might be some issues with the judgment, and maybe the parties
8  should talk amongst themselves.
9      MR. FLESSNER:  Well, I mean, obviously, we think
10 there are lots of issues with the judgment, and we're going to
11 file all the appropriate motions, as you probably know, and as
12 I'm sure the defendants know.  But we're always happy to, you
13 know, talk.
14     The problem is when we talked, we were so wildly
15 apart that it -- before trial, it didn't really get us very
16 far.
17     THE COURT:  Right.  Well, the landscape has changed
18 and both sides have additional information and can use that to
19 talk amongst themselves.
20     If you want to talk with me in the context of a
21 settlement discussion, I am happy to do that.  If you want a
22 referral to the magistrate judge -- I believe it's Judge
23 Valdez -- I could enter a referral on that as well.  But given
24 where we are in the case, now's another time to think about
25 those kinds of things.

1  With that, then, I will get the briefs.  I will rule
2  by CM/ECF on the security issue.  But for now, the judgment is
3  stayed.  Execution on the judgment is stayed.
4  　　　　MR. FLESSNER:  Okay.  Thank you.
5  　　　　THE COURT:  Okay.  Thank you.
6  　　　　MS. McCARTHY:  Thank you.
7  　　　　MR. KISS:  Thank you.
8  　　(Proceedings concluded.)

1    C E R T I F I C A T E

5    I, Colleen M. Conway, do hereby certify that the
6    foregoing is a complete, true, and accurate transcript of the
7    proceedings had in the above-entitled case before the
8    HONORABLE MANISH S. SHAH, one of the Judges of said Court, at
9    Chicago, Illinois, on April 29, 2015.

12   /s/ Colleen M. Conway, CSR,RMR,CRR          05/26/15
13   Official Court Reporter                    Date
     United States District Court
14   Northern District of Illinois
     Eastern Division

Colleen M. Conway, Official Court Reporter